**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

SONIA A.,

                Plaintiff,

        v.                                                                      5:24-CV-1506
                                                                                                  (DJS)

FRANK BISIGNANO, *Commissioner of
Social Security*,

                Defendant.

_____

**APPEARANCES:**                                                **OF COUNSEL:**

OLINSKY LAW GROUP                                    HOWARD D. OLINSKY, ESQ.
Attorney for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                  KRISTINA D. COHN, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART
United States Magistrate Judge**

1

# **MEMORANDUM-DECISION AND ORDER**[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 15 & 18, and Defendant's Motion for Judgment on the Pleadings. Dkt. No. 17. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff applied for disability insurance and supplemental security income benefits alleging an onset date in 2019. Dkt. Nos. 8-10, Admin. Tr. ("Tr.") at pp. 95 & 144. Plaintiff's applications were initially denied on October 28, 2019, and upon reconsideration on July 30, 2020. Tr. at pp. 145-149 & 152-159. Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 163-164. Following a partially unfavorable determination, litigation commenced in this Court which ultimately resulted in the matter being remanded for further proceedings. *Amey v. Comm'r of Soc. Sec.*, 2023 WL 5610756, at *1 (N.D.N.Y. Aug. 30, 2023).

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

Plaintiff subsequently appeared and testified at a hearing before ALJ Gretchen Greisler on July 2, 2024. Tr. at pp. 1498-1527. Vocational and medical experts also testified at the hearing. *Id.* On October 11, 2024, ALJ Greisler issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 1466-1486.

### B. The ALJ's Decision

In her decision, the ALJ first found that Plaintiff met the insured status requirements through December 31, 2024, but had not engaged in substantial gainful activity between May 25, 2019, her alleged onset date, and July 19, 2021. Tr. at p. 1469. Second, the ALJ found that Plaintiff's anemia, syncope, hypertension, post-traumatic stress disorder, depressive disorder, and anxiety disorder were severe impairments. *Id.* Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. Tr. at 1472. Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work with the following additional limitations:

> The claimant can perform simple tasks at a consistent, goal-oriented pace but not at a fast, production rate pace such as would be experienced in assembly line type of work. The claimant can make simple decisions and tolerate occasional work changes. The claimant can engage in occasional interaction with supervisors and coworkers to perform tasks that do not require working in close coordination with others or sharing of job tasks. The claimant cannot tolerate interaction with the general public or working around crowds of people. The claimant cannot climb ladders,

3

ropes, or scaffolds, or work at unprotected heights or in close proximity to dangerous machinery. The claimant cannot tolerate concentrated exposure to extreme heat.

Tr. at pp. 1474-1475.

Next, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 1484. The ALJ then found that based on Plaintiff's age, education, work experience, and RFC she could perform several jobs existing in significant numbers in the national economy. Tr. at pp. 1484-1485. Finally, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. *Id.*

## II.  RELEVANT LEGAL STANDARDS

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. DISCUSSION

Plaintiff seeks remand here based on the ALJ's purported failure to properly evaluate numerous medical opinions in the record. *See* Dkt. No. 15, Pl.'s Mem. of Law, pp. 15-25. The Commissioner responds that there were no errors in the consideration of Plaintiff's claim and that substantial evidence supports the determination. Dkt. No. 17, Def.'s Mem. of Law at pp. 16-14.

In evaluating medical opinion evidence, an ALJ "must consider [all] medical opinions and 'evaluate the[ir] persuasiveness' based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and 'other factors.'" *Janet Lynn W. v. Comm'r of Soc. Sec.*, 2025 WL 951446, at *3 (N.D.N.Y. Mar. 31, 2025) (quoting 20 C.F.R. §§ 404.1520c(a)-(c)). Although the new regulations no longer require an ALJ "to assign a specific 'weight' to a medical opinion, the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'" *Cassandra G. v. Comm'r of Soc. Sec.*, 626 F. Supp.3d 553, 564 (N.D.N.Y. 2022) (quoting 20 C.F.R. §§ 404.1520c(a),(b)(1)). In doing so, it has been repeatedly recognized that the ALJ must

build a "logical bridge" between the record evidence and her conclusions. *Jolee O. v. O'Malley*, 2024 WL 688729, at *3 (N.D.N.Y. Feb. 20, 2024); *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012). On the record before the Court, remand is appropriate to ensure that the full record is evaluated and proper consideration is given to that record.

### A. Failure to Explain the Evaluation of Medical Opinions

Several of the medical opinions in this case make note of the fact either that Plaintiff reported to the provider that she had a stroke or that the record bears reference to Plaintiff having had a stroke. Dr. Ganesh's January 2000 opinion states that Plaintiff "says that she was told that she had a stroke." Tr. at p. 883. Dr. Kenney, Tr. at 1194, and Dr. Woods, Tr. at p. 1290, both also referenced a stroke. The ALJ cited these references as part of the reason for finding these opinions less persuasive. Tr. at pp. 1478 & 1482. The record on the question of stroke is mixed, *see, e.g.*, Tr. at pp. 1107, 1171, 1183, & 1188, and it certainly was within the ALJ's authority to resolve a conflict of this sort by finding that the record did not support that Plaintiff had suffered a stroke. *McGill v. Berryhill*, 2018 WL 1368047, *10 (E.D.N.Y. 2018). The weight apparently given to these challenged notations, however, is problematic and inconsistent with the ALJ's obligation to clearly explain her rationale.

7

While none of those opinions placed significant emphasis on limiting effects as a result of the stroke, it appears clear that this played a key role in the ALJ's evaluation of the opinions. Dr. Ganesh offered two consultative opinions in this case. The first opinion, from September 2019, was found persuasive by the ALJ. Tr. at p. 1478. The second, from January 2020, was found "less persuasive." *Id.* Dr. Ganesh's second evaluation found significant limitations in Plaintiff's ability to stand, walk, and climb. Tr. at p. 886. She also found that Plaintiff should use a cane as needed. *Id.* The ALJ concluded that the record did not support the severe limitations identified by Dr. Ganesh. Tr. at p. 1478. Dr. Ganesh's 2020 opinion carefully noted that Plaintiff "says that she was told that she had a stroke," Tr. at p. 883, and significantly does not identify the stroke as a basis for any of her opined limitations. Tr. at p. 886. And there is little in that opinion to suggest, as the ALJ does, that it was based on an inaccurate emphasis on a possible history of stroke. The Court notes that the two evaluations were rendered just four months apart, but present significantly different opinions regarding Plaintiff's functional limitations, with the latter suggesting far greater limitations and yet the ALJ failed here to properly explain her rejection of the more recent opinion while finding the previous opinion more persuasive. The only apparent basis for distinction is the

reference to a stroke, but the ALJ's decision does not address any other factors that could have contributed to the greater restrictions opined by Dr. Ganesh.[2]

While Dr. Woods' opinion mentions stroke only in the narrow context of a specific limiting effect regarding the use of a cane, Tr. at p. 1290, the first sentence of the ALJ's consideration of that opinion discusses the doctor's reference to stroke. Tr. at p. 1483. The key diagnosis beyond Dr. Woods' opinion was clearly Plaintiff's hot flashes. Tr. at pp. 1289-1291. It is significant in the Court's view that the ALJ found the opinion of Dr. Cathy Berry, which also discussed the limiting impacts of Plaintiff's hot flashes, persuasive. Tr. at p. 1484. That opinion makes no reference to stroke. Tr. at pp. 1293-1296. It is remarkably similar, however, to the limiting effects opined in Dr. Woods' opinion, Tr. at pp. 1289-1291, which the ALJ concluded "overstated" Plaintiff's limitations. Tr. at p. 1484. The reports make clear that each is based primarily on Plaintiff's hot flashes, giving rise to a reasonable inference that the only distinction in treatment by the ALJ is related to the reference to stroke. While it is the prerogative of the ALJ to evaluate and credit the various medical opinions in the record, *Rebecca S. v. O'Malley*, 2024 WL 3298956, at *4 (N.D.N.Y. Apr. 15, 2024), *report and recommendation adopted*, 2024 WL 2889127 (N.D.N.Y. June 10, 2024), the "ALJ is

---

[2] The ALJ also questions Dr. Ganesh's reference to a history of syncope in the January 2020 opinion. Tr. at p. 1478. But the Court notes that the same reference was in the 2019 opinion and goes without comment in the ALJ's decision. *See* Tr. at pp. 854 & 1478. The ALJ's opinion also found syncope a severe impairment, Tr. at p. 1469, so it is unclear why this reference appears to have been a basis for discounting Dr. Ganesh's opinion.

required to explain how [s]he arrived at h[er] decision." *Keli Ann D. v. Comm'r of Soc. Sec.*, 2024 WL 3493274, at *4 (N.D.N.Y. July 22, 2024). The ALJ's failure to explain why similar medical opinions were being treated differently is a basis for remand. *Charlene G. v. O'Malley*, 2024 WL 4956969, at *3 (N.D.N.Y. Oct. 10, 2024), *report and recommendation adopted sub nom. Charlene L. G. v. Comm'r of Soc. Sec.*, 2024 WL 4689027 (N.D.N.Y. Nov. 6, 2024).[3]

### B. Opinions of Drs. Grassl and Shapiro

The ALJ found the consultative opinions from Jeanne Shapiro, PhD and Corey Ann Grassl, PsyD "somewhat persuasive." Tr. at p. 1479. Each found Plaintiff to have a range of limitations, several of which were moderate to marked. Tr. at pp. 861 & 891. The ALJ's opinion found only the most modest limitations supported by the record. Tr. at 1479-1480. Plaintiff contends that the ALJ's conclusions in this regard failed to proper address the supportability and consistency of those opinions with the record at large. Pl.'s Mem. of Law at pp. 20-23. Again, this Court agrees.

When evaluating medical evidence an ALJ must consider, among other factors, "(1) the amount of medical evidence supporting the opinion [and] (2) the consistency

---

[3] The ALJ's consideration of Dr. Kenney's opinion also begins with the doctor's reference to stroke even though the opinion does not directly tie any identified limitations to that factor. Tr. at pp. 1481-1482 (citing Exhibit 19F). The ALJ's opinion provides no explanation for placing such emphasis on this reference, which by no means form the heart of any of the opinions offered.

10

of the opinion with the remaining medical evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (internal quotation marks omitted). "[S]upportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1). "[C]onsistency" means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2). "A conclusory analysis of the relevant factors precludes the Court from undertaking meaningful review of the ALJ's decision and courts in this Circuit have remanded when the ALJ failed to address either supportability or consistency." *Jesse James U. v. Comm'r of Soc. Sec.*, 2025 WL 2202992, at *3 (N.D.N.Y. May 15, 2025), *report and recommendation adopted sub nom. Jesse J.U. v. Comm'r of Soc. Sec.*, 2025 WL 2197193 (N.D.N.Y. Aug. 1, 2025) (internal quotations and alterations omitted).

The ALJ's opinion notes broadly that the Shapiro and Grassl opinions "contain[] an explanation of the findings therein as support." Tr. at p. 1479. In rejecting the most restrictive opinions contained in those reports, the ALJ appears to

11

have relied heavily on the hearing testimony of Dr. Price, who testified as a medical expert. Tr. at p. 1480. Dr. Price, however, did not examine Plaintiff. Tr. at p. 1503. No explanation is offered for the deference paid to Dr. Price's opinion over those of individuals who did examine Plaintiff. "[I]t is well-established that the medical opinion of a non-examining medical expert is entitled to little weight, especially when a claimant's impairments are based upon h[er] mental health." *Armstead v. Comm'r of Soc. Sec.*, 2024 WL 5077582, at *15 (E.D.N.Y. Dec. 11, 2024) (citing *Skartados v. Comm'r of Soc. Sec.*, 2022 WL 409701, at *9 (E.D.N.Y. Feb. 10, 2022)). The ALJ's failure to explain why Dr. Price's opinion was given greater weight than those who examined her requires remand here. This is particularly true given that the ALJ appears to have relied on Dr. Price primarily to reject the most significant limitations opined by Grassl and Shapiro. *See*, *e.g.*, *Marcano v. Comm'r of Soc. Sec.*, 2021 WL 5315703, at *20 (S.D.N.Y. Nov. 16, 2021), *report and recommendation adopted*, 2022 WL 253083 (S.D.N.Y. Jan. 26, 2022).

### C. Opinion of NP Andrews

Finally, Plaintiff objects to the ALJ's failure to consider the opinion of Nurse Practitioner Andrews. Pl.'s Mem. of Law at p. 23. NP Andrews offered a medical source statement in this case, Tr. at pp. 1297-1301, but the ALJ did not consider it. That opinion clearly should have been considered. *Alicia S. v. Comm'r of Soc. Sec.*,

2024 WL 1207789, at *8 n.3 (W.D.N.Y. Mar. 21, 2024). While the failure to consider a medical opinion can in some cases be deemed harmless, *Lisa B. v. Comm'r of Soc. Sec.*, 2022 WL 1473277, at *7 (N.D.N.Y. May 10, 2022), the Court is not in a position to make such a finding here. First, the ALJ never mentioned the Andrews opinion at all and gave no indication as to why it was not being considered and the Commissioner offers no explanation for this failure in this proceeding. *See generally* Def.'s Mem. of Law. Moreover, the Andrews opinion clearly bears on issues of significance in this case. For example, NP Andrews opined that Plaintiff would be off task more than 20 percent of the workday and would miss more than four days of work a month. Tr. at p. 1299. The ALJ rejected a similar assessment from Dr. Woods as unsupported by the record. Tr. at pp. 1483-1484. NP Andrews' opinion provides further support for that opinion and the Court cannot say that had the ALJ considered it she would have reached the same conclusion.

### D. Nature of the Remand

Plaintiff seeks reversal for calculation of benefits. Pl.'s Mem. of Law at pp. 24-25. A remand solely for calculation of benefits is appropriate "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Reversal for calculation of benefits is considered a "rare case." *Kyle P. v. Comm'r of Soc. Sec.*, 2022

WL 1659193, at *7 (N.D.N.Y. May 25, 2022); *see also Baldwin v. Astrue*, 2009 WL 4931363, *19 (S.D.N.Y. Dec. 21, 2009) (remanding only for benefits calculation "is an extraordinary action and is proper only when further development of the record would serve no purpose."). "Here, the record lacks persuasive proof of disability." *Philip B. v. Comm'r of Soc. Sec.*, 2024 WL 5454787, at *6 (N.D.N.Y. Oct. 24, 2024), *report and recommendation adopted*, 2025 WL 540372 (N.D.N.Y. Feb. 19, 2025). The Court has made no finding here that Plaintiff is clearly disabled, only that the evaluation of her claim was not consistent with applicable rules. Remand pursuant to sentence four, therefore, is the proper remedy. *Id.*

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED pursuant to sentence four** for further proceedings; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: February 23, 2026
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge